Michael L. Banks (#11378)
ADAMS DAVIS, P.C.
35 West Broadway, Suite 203 Salt Lake City, UT 84101 Telephone: (801) 532-9500
Fax: (801) 532-8600
*Attorneys for Plaintiff*

**IF OU DO NOT RESPOND TO THIS DOCUMENT WITHIN APPLICABLE TIME LIMITS, JUDGMENT COULD BE ENTERED AGAINST YOU AS REQUESTED.**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANDREA PHILLIPS,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE; POSTMASTER GENERAL LOUIS DeJOY; and TAYLOR RICHARD DAVIS,<br><br>  Defendants. | COMPLAINT<br><br><br>Case No.:  2:25-cv-00165<br><br>Judge: |

COMES NOW PLAINTIFF, by and through counsel, and alleges and complains against Defendants, and each of them, as follows:

**JURISDICTION & VENUE**

1. At all material times, Plaintiff was a resident of the State of Utah.

2. At all material times, Defendant United States Postal Service, (hereafter referred to as "USPS") was a federal government agency, doing business within the state of Utah.

3. At all material times, Defendant Postmaster General Louis DeJoy was the agency head of the United States Postal Service.

4. At all material times, Defendant Taylor Richard Davis was a resident of the State of Utah, and a federal employee of the United States Postal Service.

5. The incident giving rise to this Complaint occurred in Salt Lake County, State of Utah.

1

6. Jurisdiction and Venue are proper in the United States District Court for the District of Utah.

## FACTS

7. This action arises from an automobile collision that occurred on or about September 23, 2022, in Salt Lake County.

8. Plaintiff was driving her vehicle westbound on 2100 South at the intersection of 900 West in Salt Lake City, Utah.

9. Plaintiff was stopped at a red light at the intersection of 900 West and 2100 South.

10. Another vehicle, driven by Barbara Demke, was stopped directly behind Plaintiff.

11. At all material times, Defendant Davis was acting in the course and scope of his employment, and or agency, with Defendants United States Postal Service, and Postmaster General Louis Dejoy.

12. Alternatively, Defendant Davis was a permissive user of the subject USPS vehicle.

13. Defendant Davis was driving the subject USPS vehicle westbound on 2100 South, immediately behind the vehicle driven by Barbara Demke, and Plaintiff's vehicle which was immediately ahead of Barbara Demke's vehicle.

14. Defendant Davis failed to slow down appropriately for the stopped vehicles ahead and collided with the rear of Barbara Demke's vehicle, propelling Demke's vehicle into the rear of Plaintiff's vehicle, negligently causing a three-car collision.

15. As a direct and proximate result of Defendants' negligence, and the resulting collision, Plaintiff suffered injuries including, but not limited to:

    a. TBI;
    b. Post-concussion syndrome;

   c. Post-traumatic headache

   d. Neck pain;

   e. Numbness and tingling in the left arm and left leg;

   f. Meralgia paresthetica;

   g. Dizziness/vertigo;

   h. Memory impairment;

   i. MVA;

   j. Concentration/focus impairment;

   k. Cervico-occipital neuralgia;

   l. Changeable mood;

   m. Bilateral tinnitus;

   n. Sleep disturbance;

   o. Anxiety

   p. s/p cervical spine surgery; &

   q. s/p cervical spine surgery.

16. As a direct and proximate cause of Defendants' negligence, and the resulting collision, Plaintiff sustained physical and emotional injuries resulting in economic and non-economic damages.

## FIRST CAUSE OF ACTION
(Negligence)

17. Plaintiff hereby incorporates and re-alleges the facts contained in paragraphs 1 through 16 above.

18. At the time of the subject collision, Defendants, and each of them, owed duties of

care to Plaintiff which they breached in the following ways:

    a. Failing to maintain proper control of their vehicle;

    b. Failing to maintain a proper lookout;

    c. Failing to drive attentively, responsibly, and legally;

    d. Failing to drive at a reasonable speed, given traffic conditions;

    e. Colliding with Plaintiff's vehicle;

    f. Violating State and Local driving statutes and ordinances; &,

    g. Otherwise failing to act with reasonable prudence under the circumstances.

19. Defendants' negligence was a direct and proximate cause of the subject collision, and of the injuries and damages sustained by Plaintiff.

20. As a direct and proximate cause of Defendants' negligence, Plaintiff sustained physical injuries as outlined above.

21. Defendant USPS, and Defendant Postmaster General Louis DeJoy are liable for the tortious acts and omissions of Defendant Davis pursuant to the doctrine of respondeat superior, and other common law principles of agency.

22. As a further direct and proximate cause of Defendants' negligence, and the subject incident, Plaintiff sustained past, present, and future special damages including but not limited to past medical expenses exceeding $285,579.89, future medical expenses to be determined, past loss of earnings, future loss of earnings, impaired earning capacity, out-of-pocket expenses, incurred interest, and consequential damages.

23. As a further direct and proximate cause of Defendants' negligence, and the subject incident, Plaintiff sustained past, present, and future general damages including but not limited to physical pain and suffering, emotional pain and suffering, loss of

enjoyment of life, loss of mobility, and an increased likelihood of re-injury or illness.

## SECOND CAUSE OF ACTION
(Direct Negligence of Defendant United States Postal Service)

24. Plaintiff hereby incorporates and re-alleges the facts contained in paragraphs 1 through 23 above.

25. At the time of the subject collision, Defendant USPS owed duties of care to Plaintiff which it breached in the following ways:

    a. Entrusting its vehicle to Defendant Taylor Richard Davis;

    b. Failing to train Defendant Taylor Richard Davis on the safe operation of its vehicle;

    c. Failing to ensure that Defendant Taylor Richard Davis was safe, competent, and fit to drive its vehicle;

    d. Failing to properly supervise Defendant Taylor Richard Davis; &,

    e. Otherwise failing to act with reasonable prudence under the circumstances.

26. Defendant USPS's negligence was a direct and proximate cause of the subject collision, and of the injuries and damages sustained by Plaintiff.

27. As a direct and proximate cause of USPS's negligence, Plaintiff sustained physical injuries as outlined above.

28. As a further direct and proximate cause of the subject incident, Plaintiff sustained past, present, and future special damages including but not limited to past medical expenses exceeding $285,579.89, future medical expenses to be determined, past loss of earnings, future loss of earnings, impaired earning capacity, out-of-pocket expenses, incurred interest, and consequential damages.

29. As a further direct and proximate cause of the subject incident, Plaintiff sustained past, present, and future general damages including but not limited to physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, loss of mobility, and an increased likelihood of re-injury or illness.

### THIRD CAUSE OF ACTION
(Direct Negligence of Defendant Postmaster General Louis DeJoy)

30. Plaintiff hereby incorporates and re-alleges the facts contained in paragraphs 1 through 29 above.

31. At the time of the subject collision, Defendant Postmaster General Louis DeJoy owed duties of care to Plaintiff which he breached in the following ways:

    a. Entrusting its vehicle to Defendant Taylor Richard Davis;

    b. Failing to train Defendant Taylor Richard Davis on the safe operation of its vehicle;

    c. Failing to ensure that Defendant Taylor Richard Davis was safe, competent, and fit to drive its vehicle;

    d. Failing to implement policies to ensure that the USPS would not negligently hire, supervise, train, or entrust USPS vehicles to individuals like Davis who were unfit to safely operate such USPS vehicles;

    e. Failing to properly supervise Defendant Taylor Richard Davis; &,

    f. Otherwise failing to act with reasonable prudence under the circumstances.

32. Defendant DeJoy's negligence was a direct and proximate cause of the subject collision, and of the injuries and damages sustained by Plaintiff.

33. As a direct and proximate cause of DeJoy's negligence, Plaintiff sustained physical

injuries as outlined above.

34. As a further direct and proximate cause of the subject incident, Plaintiff sustained past, present, and future special damages including but not limited to past medical expenses exceeding $285,579.89, future medical expenses to be determined, past loss of earnings, future loss of earnings, impaired earning capacity, out-of-pocket expenses, incurred interest, and consequential damages.

35. As a further direct and proximate cause of the subject incident, Plaintiff sustained past, present, and future general damages including but not limited to physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, loss of mobility, and an increased likelihood of re-injury or illness

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For past, present, and future economic damages as outlined above, and in an amount to be determined throughout discovery, and at trial.

2. For past, present, and future noneconomic damages as outlined above, and in an amount to be determined throughout discovery, and at trial.

3. For costs of court, pre and post judgment interest, and other such statutory and common law remedies as this court deems just and proper.

DATED this 5th day of March 2025.

               ADAMS DAVIS, P.C.

               /S/ *Michael L. Banks*
               Michael L. Banks